IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, #177 281, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:15-CV-569-MHT |
| ) | [WO] |
| CYNTHIA STEWART, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Petitioner, James Frazier ["Frazier"], is an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama. He is serving a 20-year term of imprisonment on his conviction for manslaughter entered against him by the Circuit Court for Chilton County on December 11, 2002. Docs. 38-2 & 38-3; *see also Frazier v. Giles,* 2:09-CV-1167-TMH (M.D. Ala. 2012). On August 5, 2015, Frazier filed this petition for habeas corpus relief under 28 U.S.C. § 2241 challenging a denial of his right to a speedy trial based on outstanding charges in the District Court for Lee County, Alabama, for speeding and driving under the influence ("DUI"). The citations for these offenses were issued to Frazier in 1993. Frazier complains that his ability to be considered for community center or work release programs is hampered by the outstanding warrants in Lee County. Doc. 1.

Respondents filed answers and supplemental answers to the petition. Docs. 10, 15, 20, 24, 26 & 38. In a supplemental answer filed on June 28, 2017, Respondents now argue that Frazier is not entitled to habeas relief and that the petition is subject to dismissal for lack of jurisdiction because Frazier does not meet the "in custody" requirement regarding the offenses for which he

seeks federal habeas review. Doc. 38.  Petitioner took advantage of the opportunity granted to respond to Respondents' answers, as supplemented. Docs. 13, 16, 17, 22, 27 & 43.

Upon review of the petition, the answer and supplemental answers and supporting evidentiary material filed by Respondents, Frazier's responses, and relevant federal law, the court finds that no evidentiary hearing is required, *see* Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts, and that the instant § 2241 habeas petition is due to be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## II.  BACKGROUND

Frazier has submitted numerous state-court challenges regarding the 1993 cases at issue in the instant petition.  According to the documents and records before the court, Frazier was issued citations for DUI and speeding on June 26, 1993.  Frazier's court date regarding these offenses was August 10, 1993.  When Frazier failed to appear, the trial judge issued arrest warrants.  Frazier entered guilty pleas to the charges on April 30, 2009.  In response to one of several post-judgment motions filed by Frazier, the District Court for Lee County set aside the 2009 convictions in an order dated January 29, 2013, and directed the clerk of the court to restore the speeding and DUI cases to the active docket.  Frazier did not appeal this order.  On February 28, 2013, Frazier filed a motion for final disposition.  On March 1, 2013, the District Court for Lee County granted the motion and directed Frazier's DUI and speeding cases be set on the first available traffic docket following his release from the custody of the Alabama Department of Corrections.  On March 27, 2013, Frazier filed a motion for speedy trial with the District Court for Lee County.  The district court, in its order dated May 22, 2013, noted that Frazier's request for a speedy trial was essentially identical to the prior motion for final disposition that had been granted on March 1, 2013.

Concluding that Frazier's March 27 motion for speedy trial raised no new grounds for relief, the district court denied the motion as moot. *See* Doc. 1; Doc. 10-1; Doc. 10-2 at 19, 24 & 25.

Frazier filed a Rule 32 petition in the District Court for Lee County on August 6, 2014. The district court denied the petition finding that a Rule 32 petition was not appropriate because the judgement entered on the offenses Frazier challenged had been vacated. The Alabama Court of Criminal Appeals affirmed this decision on April 10, 2015. The appellate court further found that Frazier had not raised a speedy trial claim in his Rule 32 petition.[1] The Alabama Supreme Court denied Frazier's petition for writ of certiorari and issued a certificate of judgment on July 10, 2015. Docs. 10-1 to -4.

In response to one of Frazier's most recent state-court filings, the District Court for Lee County issued an order on December 22, 2015 granting his November 19, 2015 motion for speedy trial on his outstanding traffic cases, denying his motion to dismiss, and directing the clerk of court to set the cases for trial on the traffic docket following Frazier's service of his current sentence. *See* Docs. 17, 17-1 & 17-2. On January 15, 2016, Frazier appealed the district court's ruling. The Alabama Court of Criminal Appeals dismissed this appeal on January 25, 2016 on procedural grounds because Frazier was attempting to appeal a non-appealable order. Docs. 20-1 & 22-1.

### III. DISCUSSION

Frazier is confined in state custody on a conviction for manslaughter entered against him by the Circuit Court for Chilton County in 2002, but his habeas petition challenges untried charges against him in the District Court for Lee County. This action, therefore, is considered a pretrial

---

[1] Although the appellate court indicated that Frazier had not filed a motion for speedy trial in the district court, Frazier had filed a motion for speedy trial with the district court on March 27, 2013. He did not raise an allegation regarding the speedy trial issue in his August 6, 2014 post-conviction petition. Even had he done so, as indicated in the appellate court's April 10, 2015 decision, a Rule 32 petition was not an appropriate vehicle by which to litigate the speedy trial issue on the outstanding offenses. Doc. 10-1.

petition with § 2241 as the appropriate statutory basis.  Under 28 U.S.C. § 2241, the United States district courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Respondents argue in their supplemental answer filed on June 28, 2017 that Frazier does not meet the "in custody" requirements for habeas review.[2]  Doc. 38.  "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Although Frazier is incarcerated on his 2002 manslaughter conviction, as explained, his habeas petition does not challenge that conviction.  Rather, Frazier seeks a speedy trial on his 1993 traffic offenses, which the District Court for Lee County has ordered to be set for trial on the first available traffic docket following Frazier's release from the sentence he is currently serving.  To proceed with his federal habeas application, Frazier must satisfy the "in custody" requirement regarding the judgment or process of the state court he seeks to challenge as unconstitutional.  A petitioner is not required to be confined physically in order to meet the "in custody" requirement.  Instead, the requirement is met where state action subjects a petitioner to restraints on liberty that are not generally shared by the public. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (petitioner released on parole); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 486 & 489 n.4 (1973) (holding that a petitioner may be "in custody" if he is under the control of an indictment accompanied by a detainer but expressly declining to decide whether the petitioner would satisfy the "in custody" requirement if the indicting state had not also lodged a detainer against him);

---

[2] Respondents also state that Frazier has a state-court remedy to address the claims presented in this habeas petition.  Specifically, Respondents assert that Frazier may file a petition for writ of mandamus with the Alabama Court of Criminal Appeals requesting that the District Court for Lee County take action on its order granting Frazier's motion for speedy trial. Doc. 38 at 6–7.

*Justices of Boston Mun. Ct. v. Lydon,* 466 U.S. 294, 300–01 (1984) (petitioner released on his own recognizance with an obligation to appear subsequently for trial).  Thus, in order to challenge the 1993 traffic offenses made the subject of the instant habeas application, Frazier must have been "in custody" under those cases at the time he filed his petition or he must show that the state is exercising ongoing control over him based on the 1993 charges filed in the District Court for Lee County.

The existence of outstanding charges against Frazier in the District Court for Lee County is undisputed.  Based on the record before the court, however, Frazier is not in custody on the challenged offenses, nor has he demonstrated that there is ongoing control of him by state officials regarding the challenged offenses for purposes of seeking habeas relief on the idle 1993 state court traffic cases.  Frazier, therefore, does not satisfy the "in custody" requirement regarding the offenses challenged in this petition. *See Howard v. Warden*, 776 F.3d 772, 776 (11th Cir. 2015) (holding that a "dead-docketed" Georgia indictment, without a conviction or a detainer, meant that the petitioner was not in custody for purposes of his habeas corpus petition, where "[n]othing in the record evidences that the state is exercising ongoing control over [petitioner] based on that indictment"); *Daker v. Baker*, 263 F. App'x 809, 812 (11th Cir. 2008) (holding that "under *Braden*, the existence of a dead-docketed indictment, without a detainer," does not satisfy the "in custody" habeas jurisdictional requirement); *Marshall v. Warden, Pickaway Corr. Inst.*, 2016 WL 4539406, at *1 (S.D. Ohio Aug. 31, 2016) (finding petitioner not in custody so as to warrant federal habeas corpus review on warrants under attack where no detainer had been filed); *Jones v. United States*, 2011 WL 3042023, at *2–3 (E.D. Ark. June 17, 2011) (finding dismissal of a habeas petition appropriate because petitioner was not taken into custody and the challenged outstanding arrest warrant fell "far short of the kind of 'severe' and 'immediate' restraint upon liberty sufficient to

invoke and maintain jurisdiction under the federal habeas statutes"), *adopted*, 2011 WL 3040908 (E.D. Ark. July 25, 2011); *Prall v. Atty. Gen. of R.I.*, 2010 WL 737646, at *6–7 (D.R.I. Mar. 1, 2010) (adopting recommendation to dismiss a habeas petition contesting petitioner's future confinement in another state for lack of jurisdiction because no detainer had been lodged and only an arrest warrant was outstanding); *Fernquist v. Atty. Gen. of Pa.*, 2009 WL 890597, *1 (E.D. Pa. Mar. 30, 2009) (finding petitioner did not meet in custody requirement where he was incarcerated for a crime disconnected from the challenged arrest warrant and was "subject to no constraints on his liberty as a result of that warrant").

Here, the record does not show Frazier is in custody under the 1993 Lee County District Court traffic cases. There has been no trial on the charges following the state court's action in withdrawing and vacating Frazier's 2009 guilty plea to these offenses. The record further shows that the District Court for Lee County has ordered the traffic offenses to be set for trial following Frazier's release from his present custody. For these reasons, Frazier does not meet the "in custody" requirement for purposes of asserting a challenge to his outstanding 1993 traffic cases, and this court therefore does not have jurisdiction to consider his § 2241 petition.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by James Calvin Frazier be DISMISSED with prejudice as this court lacks jurisdiction to consider his claims for relief.

It is further ORDERED that **on or before October 27, 2017**, the parties may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised this Recommendation

is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 13th day of October, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE